**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
**REINALDO TRINIDAD, JAVIER MORALES**
**and JUAN CARLOS on behalf of themselves**
**and others similarly situated,**

COMPLAINT

**Plaintiffs,**

FLSA COLLECTIVE
ACTION

**-against-**

ECF CASE

**808 WEST TAPAS RESTAURANT Corp.**
**d/b/a LAS TAPAS, 187 RESTAURANT**
**CORP. d/b/a REFRIED BEANS and**
**YVELISSE ROSSI, individually,**

**Defendants.**

-------------------------------------------------------------------------------X

Plaintiffs Reinaldo Trinidad ("Plaintiff Trinidad"), Javier Morales ("Plaintiff Morales")

and Juan Carlos ("Plaintiff Carlos") (collectively referred to herein as "Plaintiffs"), on behalf of

themselves and others similarly situated, by and through their attorney, Jacob Aronauer of The

Law Offices of Jacob Aronauer, complaining of 808 West Tapas Restaurant Corp. d/b/a Las

Tapas ("Las Tapas") and 187 Restaurant Corp. d/b/a Refried Beans ("Refried Beans") and

Yvelisse Rossi ("Rossi"), individually (collectively herein the "Defendants"), allege the

following:

## NATURE OF THE ACTION

1.  This is a civil action brought by the Plaintiffs and all similarly situated employees to

    recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA")

and New York Labor Law ("NYLL"). These Plaintiffs and the collective class work or have worked at the restaurants controlled and operated by Yvelisse Rossi.

2.  Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the restaurants owned and controlled by the Defendants located in New York, New York.

3.  Plaintiffs and the FLSA collective also brings this action under the Wage Theft Protection Act, for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4.  Plaintiffs and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6.  This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiffs

### Reinaldo Trinidad

8. Plaintiff Trinidad is an adult individual residing in the Bronx, New York.

9. Plaintiff Trinidad worked at Las Tapas for approximately six weeks in June and July 2014 as a construction worker prior to Las Tapas opening.

10. After Las Tapas opened, Plaintiff Trinidad worked at Las Tapas without interruption from August 2014 through May 2015 as a cook.

11. Plaintiff Trinidad was a covered employee within the meaning of the FLSA and the NYLL.

### Javier Morales

12. Plaintiff Morales is an adult individual residing in the Bronx, New York.

13. Plaintiff Morales worked at Las Tapas without interruption from February 2015 until May 2015 as a cook.

14. Plaintiff Morales is a covered employee within the meaning of the FLSA and the NYLL.

### Juan Carlos

15. Plaintiff Carlos is an adult individual residing in the Bronx, New York.

16. Plaintiff Carlos worked at Las Tapas without interruption from February 2015 until May 2015 as a cook.

17. Plaintiff Carlos is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

18. On information and belief, since February 2014, Defendant Yvelisse Rossi has owned and maintained control, oversight, and the direction of Las Tapas in New York, NY.

19. On information and belief, since October 2007, the Defendant Yvelisse Rossi has owned and maintained control, oversight, and the direction of Refried Beans in New York, NY.

20. Defendant Yvelisse Rossi is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer, and/agent of Las Tapas and Refried Beans.  Defendant Rossi exercised sufficient control over Las Tapas and Refried Beans to be considered the Plaintiffs' employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Las Tapas and Refried Beans.

21. At all times relevant to this action, Las Tapas was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22. At all times relevant to this action, Refried Beans was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. On information and belief, Defendant Las Tapas has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by an person; and (2) an annual gross volume of sales in excess of $500,000.00.

24. On information and belief, Defendant Refried Beans has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by an person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated cooks who are current and former employees of Las Tapas and Refried Beans since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately 15 similarly situated current and former cooks at Las Tapas and Refried Beans who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

27. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy and/or policy includes, *inter alia*, the following:

     i.  failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

     ii.  failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.  Defendants' unlawful

conduct has been intentional, willful and in bad faith, and has caused significant damage to the Plaintiffs and the FLSA Collective.

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

30. The position of cook is not exempt and has never been exempt.  Cooks, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

31. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

32. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

33. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

34. Defendants paid Plaintiffs and members of the FLSA Collective wages without any accompanying statement listing:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Yvelisse Rossi's Restaurants**

35. On information and belief, Yvelisse Rossi is the owner of both Las Tapas and Refried Beans.

36. Las Tapas, which opened in 2014, is a tapas restaurant located at 808 West 187th St. in New York, New York.

37. Refried Beans operates right around the corner from Las Tapas on 591 Fort Washington Ave. in New York, New York.  Refried Beans, which opened in 2008, is a Mexican restaurant.

38. In May 2015, shortly after Plaintiffs' employment with Defendants ceased, Defendants began to use a time clock machine to formally track the hours of their employees.

**Plaintiff Trinidad's Employment at Las Tapas**

39. As previously mentioned, Plaintiff Trinidad was initially employed as a construction worker by Defendants immediately prior to Las Tapas opening.

40. Overall, Plaintiff Trinidad worked as a both a construction worker and a cook for Defendants between June 2014 and May 2015.

41. Throughout his employment with Defendants, Plaintiff Trinidad was scheduled to work more than 40 hours each week.

42. Throughout his employment with Defendants, even though Plaintiff Trinidad was not exempt, Plaintiff Trinidad was not paid overtime in compliance with the FLSA and NYLL.

43. Throughout Plaintiff Trinidad's employment, Defendants did not require Plaintiff Trinidad to "clock in" or use any other formal time tracking method with respect to his hours.

44. Throughout Plaintiff Trinidad's employment, each week Defendants paid Plaintiff Trinidad for his prior week's work with an envelope filled with cash.

45. This envelope did not contain any notation of the hours worked by Plaintiff Trinidad.

46. In fact, throughout his employment, Defendants never provided Plaintiff Trinidad with any documentation as to the hours he worked.

**Plaintiff Trinidad's Work Schedule and Pay at Las Tapas**

47. Throughout his employment with Defendants, Plaintiff Trinidad worked between 50 and 70 hours a week.

48. Even though Plaintiff Trinidad worked more than forty hours each week throughout his employment with Defendants, Plaintiff Trinidad was not paid overtime in compliance with the FLSA and NYLL.

**Plaintiff Morales's Employment at Las Tapas**

49. Plaintiff Morales was employed as a cook by Defendants between February 2015 and May 2015.

50. Throughout his employment with Defendants, Plaintiff Morales was scheduled to work more than 40 hours each week.

51. Throughout his employment with Defendants, even though Plaintiff Morales was not exempt, Plaintiff Morales was not paid overtime in compliance with the FLSA and NYLL.

52. Throughout Plaintiff Morales's employment, Defendants did not require Plaintiff Morales to "clock in" or use any other formal time tracking method with respect to his hours.

53. Throughout Plaintiff Morales's employment, each week Defendants paid Plaintiff Morales for his prior week's work with an envelope filled with cash.

54. This envelope did not contain any notation of the hours worked by Plaintiff Morales.

55. In fact, throughout his employment, Defendants never provided Plaintiff Morales with any documentation as to the hours he worked.

**Plaintiff Morales's Work Schedule and Pay at Las Tapas**

56. Throughout his employment with Defendants, Plaintiff Morales worked between 54 and 60 hours per week.

57. Even though Plaintiff Morales worked more than forty hours each week throughout his employment with Defendants, Plaintiff Morales was not paid overtime in compliance with the FLSA and NYLL.

**Plaintiff Carlos's Employment at Las Tapas**

58. Plaintiff Carlos was employed as a cook by Defendants between February 2015 and May 2015.

59. Throughout his employment with Defendants, Plaintiff Carlos was scheduled to work more than 40 hours each week.

60. Throughout his employment with Defendants, even though Plaintiff Carlos was not exempt, Plaintiff Carlos was not paid overtime in compliance with the FLSA and NYLL.

61. Throughout Plaintiff Carlos's employment, Defendants did not require Plaintiff Carlos to "clock in" or use any other formal time tracking method with respect to his hours.

62. Throughout Plaintiff Carlos's employment, each week Defendants paid Plaintiff Carlos for his prior week's work with an envelope filled with cash.

63. This envelope did not contain any notation of the hours worked by Plaintiff Carlos.

64. In fact, throughout his employment, Defendants never provided Plaintiff Carlos with any documentation as to the hours he worked.

**Plaintiff Carlos's Work Schedule and Pay at Las Tapas**

65. Throughout his employment with Defendants, Plaintiff Carlos worked between 54 and 60 hours a week.

66. Even though Plaintiff Carlos worked more than forty hours each week throughout his employment with Defendants, Plaintiff Carlos was not paid overtime in compliance with the FLSA and NYLL.

**Defendants' Violations of the Wage Theft Protection Act**

67. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

68. Throughout the relevant time period, Defendants paid Plaintiffs' wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular

hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

69. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

72. Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

73. Defendants willfully failed to pay Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

74. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.   Defendants are aware or should have been aware that the practices

described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

75. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

76. As a result of Defendants' willful violations of the FLSA, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et se.*

## SECOND CAUSE OF ACTION
## New York Labor Law-Unpaid Overtime

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

79. Defendants failed to pay Plaintiffs one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

80. Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

81. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each day beginning on December 29, 2014 that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

87. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

88. Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of NYLL, Article 6,  § 195(3), Plaintiffs are entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workweek beginning on December 29, 2014 that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants, 808 West Tapas Restaurant Corp., 187 Restaurant Corp. and Yvelisse Rossi, jointly and severally, as follows:

(a)  Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Damages for the unpaid overtime due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c)    Damages for unpaid overtime due to Plaintiffs and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d)    Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198;

(e)    Penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs and the FLSA Collective with accurate wage statements, or a total of twenty-five hundred dollars as provided for by NYLL, Article 6, § 198;

(f)    Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g)      For prejudgment interest on the foregoing amounts;

(h)      For the costs and disbursements of this action, including attorneys' fees; and

(i)      For such other further and different relief as this Court deems just and proper.


Dated: June 28, 2016
       New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**


Respectfully submitted,


*/s/ Jacob Aronauer*_____
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 100017
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiffs*